# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

CHRISTOPHER WILLIAMS,

    *Defendant.*

Case No. 12-10202-02-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Christopher Williams's Motion to Suppress Evidence (Doc. 57). Defendant's motion asks the Court to suppress all evidence seized and statements made pursuant to his arrest and "any and all statements made by [D]efendant to the authorities on that same date which were not provided after the [D]efendant knowingly and voluntarily waived his *Miranda* rights."[1] The Court held a hearing on February 10, 2014, during which Defendant modified his motion, asking the Court to suppress the statements made by Defendant before and after the Wichita Police Department administered *Miranda* warnings to him. For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

---

[1] Defendant's Motion to Suppress Evidence, Doc. 57, p. 1.

## I. Factual and Procedural Background

On August 2, 2012, the Wichita Police Department executed a search warrant on 2120 S. Flynn Street in Wichita, Kansas. The target of the warrant was Marcus Sanders, the co-defendant in this case. Before the warrant was executed, Officer Cooley observed the residence for a period of time. Officer Cooley observed Defendant enter and exit the residence several times. He then saw Defendant walk up and down the driveway of the residence on his cell phone. Defendant then walked to an intersection approximately 200 or 300 feet from the residence where he made contact with and entered a Cadillac. Defendant exited the Cadillac, and almost immediately, a silver vehicle arrived at the same intersection. Defendant then entered and exited the silver vehicle, and it left the intersection. While Defendant was still away from the residence, the Cadillac returned to the residence and parked in the driveway.

The officers searched the house pursuant to the warrant. Inside the residence, officers found electric, water, and gas bills, all in the name of Roy Williams at 2120 S. Flynn. Officers found a firearm located in the upstairs bedroom registered to Roy Williams. Officers also located drugs, money, and other evidence of occupancy. A red scooter at the residence was registered to Roy Williams. An individual arrived on the scene and identified herself as Defendant's mother. She stated that Defendant goes by Roy Williams although his name is Christopher Williams. At least one other individual at the residence when the warrant was executed also identified Defendant as Roy Williams.

During the execution of the search warrant, Defendant was standing in front of the residence. Officer Heyen detained him and remained with him outside the residence until she learned that it was clear. While detained outside, Defendant made several unsolicited statements to her, including that he didn't know what was going on and that he wasn't involved. After

learning that the residence was clear, Officer Heyen took Defendant to her patrol car where she searched him, finding $4,300.00 and a cell phone. Then, Officer Heyen placed Defendant in the back seat of her patrol car and began gathering Defendant's identifying information. Officer Heyen asked Defendant his name and address, to which Defendant responded that his name was Christopher Williams and that he had an address in Mississippi and was currently living in a hotel nearby. She then asked Defendant about the money in his possession. Defendant responded that he had sold his vehicle and that's why he had so much cash. Defendant also made unsolicited statements to Officer Heyen at this time, including how he arrived at the residence and how long he had been there. Officer Heyen then advised Defendant of his *Miranda* rights. Defendant responded that he understood the *Miranda* warnings. After Officer Heyen administered the *Miranda* warnings, Officer Cooley entered Officer Heyen's vehicle and questioned Defendant. Later that night, another officer questioned Defendant while he was still in custody at the jail.

### III.  Analysis

Defendant initially raised two arguments in his Motion to Suppress Evidence. First, Defendant argued that the police did not have probable cause to continue to detain him after the search warrant was executed. Second, Defendant argued that any statements he made prior to receiving the *Miranda* warnings should be suppressed. Defendant withdrew his first argument after hearing the evidence set forth by the United States at the suppression hearing. He also modified his second argument at the hearing, arguing that the Court should suppress any statements made by Defendant both before and after Officer Heyen administered the *Miranda* warnings.

With regard to Defendant's statements before Officer Heyen administered the *Miranda* warnings, Defendant contends that the Court should suppress Defendant's responses to Officer Heyen's questions about the $4,300.00 she found in his possession when she searched him. At the hearing, the United States agreed that these statements should be suppressed. Therefore, the Court suppresses Defendant's responses to Officer Heyen's questioning regarding the money found in his possession.

Defendant also made several unsolicited statements in front of the residence during execution of the warrant and in Officer Heyen's patrol car before she administered the *Miranda* warnings. In front of the residence, Defendant stated that he didn't understand what was going on and that he wasn't involved. Once inside Officer Heyen's patrol car, while she was obtaining his identifying information, Defendant made statements regarding how he arrived at the residence and how long he had been there. The United States contends that these statements were voluntary and spontaneous and therefore should not be suppressed. The Court agrees. *Miranda* allows the admission of volunteered and spontaneous statements not made in response to police questioning.[2] The testimony at the hearing shows that Defendant's statements both in front of the residence and in Officer Heyen's patrol car were not made in response to questions from the police that were "reasonably likely to elicit and incriminating response."[3] Therefore, the Court finds that these statements should not be suppressed.

With regard to Defendant's statements after Officer Heyen administered the *Miranda* warnings, Defendant argues that the Court should suppress Defendant's responses to Officer

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 478 (1966); *United States v. Pettigrew*, 468 F.3d 626, 633-34 (10th Cir. 2006).

[3] *See Rhode Island v. Innis*, 446 U.S. 291, 300 (1980).

Heyen's continued questioning, Officer Cooley's questioning, and any other officer who questioned him while in custody. Defendant argues that given the circumstances under which Defendant was taken into custody and questioned, the *Miranda* warnings were ineffective. Specifically, Defendant argues that the United States has not carried its burden to show that he understood the warnings after they were given. Whether a defendant understands his *Miranda* rights is a question of fact.[4] At the hearing, Officer Heyen testified that after Defendant read the *Miranda* warnings, Defendant stated that he understood them. The Court finds that Officer Heyen's testimony is enough to show that Defendant had been given his *Miranda* warnings and that he understood them. The Court therefore denies Defendant's motion to suppress his statements made after the *Miranda* warnings were given.

**IT IS ACCORDINGLY ORDERED** this 13th day of February, 2014, that Defendant's Motion to Suppress Evidence (Doc. 57) is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[4] *Valdez v. Ward*, 219 F.3d 1222, 1231 (10th Cir. 2000).